UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:24-cr-39-KCD-NPM

JORGE CIDAR MENDEZ-CHAVEZ,

_________________________________/

**ORDER**

In 2024, Defendant Jorge Cidar Mendez-Chavez pled guilty to making a false statement to a firearms dealer. (Doc. 39.) He denied having been convicted of a felony, despite having previously served 27 months in federal prison for conspiracy to commit bank fraud. (Doc. 29 at 11-12.) At sentencing, Defendant's advisory guidelines range was 12 to 18 months in prison. He received a substantial downward variance: a fine of $5,500 and three years of probation. (Doc. 59.)

Defendant now moves the Court to terminate his probation early. (Doc. 64.) Such relief is warranted, he claims, because he paid his fine, passed his drug tests, and goes to work every day. He also stresses that he cares for his elderly mother. (*Id.*)

A district court may terminate a term of probation after one year if, after considering the applicable factors in 18 U.S.C. § 3553(a), it is satisfied that

such action is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). By all accounts, Defendant's conduct on probation has been commendable. He has paid the financial fine, kept out of trouble, and held a job. But complying with the conditions of supervision is exactly what defendants on probation are supposed to do.

Looking at the § 3553(a) factors, the Court does not find early termination appropriate here. Defendant attempted to illegally obtain a firearm by lying about a prior felony conviction. For that, he avoided prison entirely. Terminating his probation now would effectively reduce his sentence to a single year of supervision—a fraction of his original guidelines range. That outcome would not provide just punishment or adequate deterrence. Also, while Defendant is currently performing well, his history tells a cautionary tale. Following his previous bank fraud conviction, he violated the conditions of his supervised release on multiple occasions. Given that track record, keeping him under supervision is both prudent and, in the Court's view, necessary.

Defendant is doing well on probation, and he is strongly encouraged to continue those efforts. But the balance of facts here does not warrant cutting any already lenient sentence shorter. Accordingly, Defendant's Motion for Early Termination of Probation (Doc. 64) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 15, 2026.

Kyle C. Dudek
United States District Judge